FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT

2006 OCT 10  PM 2: 45

## SOUTHERN DISTRICT OF GEORGIA

CLERK_____
SO. DIST. OF GA.

### SAVANNAH  DIVISION

|  |  |  |
|---|---|---|
| HAYES B. ARDOIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV406-210 |
| | ) | |
| SGT. L. R. SCHOLES, and | ) | |
| CITY OF PORT WENTWORTH | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983.  Doc. 1.
On June 28, 2006, the Court granted plaintiff leave to proceed *in forma
pauperis* on the condition that he return a Prisoner Trust Account
Statement form and a Consent to Collection of Fees from Trust Account
form within thirty days of the order.  The Court informed plaintiff that his
failure to return these forms would result in a recommendation that this
case be dismissed.  Plaintiff has returned the two forms; the case therefore
is ready to proceed.

Congress has significantly changed the procedures for handling civil
actions filed by prisoners or other detainees.  Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA).  Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal.  28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff seeks financial compensation for injuries he allegedly suffered during an arrest on May 14, 2005. Doc. 1.  According to the complaint, plaintiff pulled over to ask police officer "John Doe"[1] the distance to South Carolina.  Plaintiff claims that after he refused to submit

---

[1] Plaintiff has filed a motion for discovery and requests production of certain documents. Doc. 9.  Plaintiff's motion is DENIED, as discovery under the Federal Rules of Civil Procedure is self-executing and no defendant has been served.  In his motion, plaintiff identifies Sgt. L. R. Scholes as his arresting officer.  The Clerk is directed to substitute Sgt. L. R. Scholes for Officer John Doe in the caption of the case.

to a field sobriety test, Sgt. Scholes handcuffed him, slammed him into his own car several times, then "tossed him into the back seat of the police car." Id. Plaintiff alleges that once he arrived at the police station, the officer slammed plaintiff's head against the wall until he fell to his knees and then threatened to kill plaintiff. Because of the incident, plaintiff claims he has suffered "personal injuries" including "frequent headaches." Id. Plaintiff alleges that he is under psychiatric care for paranoia, mental anguish, and hostility, and is taking medications prescribed by a psychiatrist. Id.

The Court finds that these facts, as stated by the plaintiff and read in a way most favorable to him, state a cognizable claim on which relief may be granted. See Graham v. Connor, 490 U.S. 386, 394-95(1989) (use of excessive force in subjecting a free citizen to an arrest, stop, or other seizure violates the Fourth Amendment); Davis v. Williams, 451 F.3d 759, 767 (11th Cir. 2006) ("the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment.")

As for the remaining defendant, plaintiff has failed to state a colorable claim under §1983 against the City of Port Wentworth Police Department.

The City of Port Wentworth Police Department is not an entity subject to suit under § 1983. See <u>Lovelace v. DeKalb Central Probation</u>, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); <u>Lesikar v. Medical Staff</u>, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police department not capable of being sued). In addition, plaintiff does not make any factual allegation against the police department in his complaint or suggest that any of the arresting officer's supervisors are somehow responsible for plaintiff's injuries.

Based on the foregoing, plaintiff is entitled to proceed against Sgt. L. R. Scholes.[2] Plaintiff's complaint against defendant City of Port Wentworth Police Department should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _10TH_ day of October, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

_____

[2]The Clerk is DIRECTED to deliver a copy of the complaint and this Order to the United States Marshal for service upon the defendant.

4