FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 12 AM 9: 40

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HAYES BRANDON ARDOIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV406-210 |
| SGT. L. R. SCHOLES, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for summary judgment on his § 1983 claim.[1] Doc. 13. Defendant has responded in opposition to defendant's motion and has moved for summary judgment in his favor. Docs. 18, 19. For the following reasons, the Court recommends that plaintiff's motion for summary judgment be DENIED and that defendant's cross-motion for summary judgment be GRANTED.

---

[1] As plaintiff's motion is premised on his belief that the time for defendant to file an answer has elapsed, it should more appropriately be construed as a request to the Clerk for an entry of default pursuant to Fed. R. Civ. P. 55(a).

I. **BACKGROUND**

Plaintiff seeks financial compensation for injuries he allegedly suffered during an arrest on May 14, 2005. Doc. 1. According to the complaint, plaintiff pulled over to ask defendant Sgt. L. R. Scholes the distance to South Carolina. Plaintiff claims that after he refused to submit to a field sobriety test, defendant handcuffed him, slammed him into his own car several times, and then "tossed him into the back seat of the police car." Id. Plaintiff alleges that once he arrived at the police station, the officer slammed plaintiff's head against the wall until he fell to his knees and then threatened to kill plaintiff. Because of the incident, plaintiff claims he has suffered "personal injuries" including "frequent headaches." Id. Plaintiff alleges that he is under psychiatric care for paranoia, mental anguish, and hostility, and that he is taking medications prescribed by a psychiatrist. Id.

Defendant denies the allegations made by plaintiff. Doc. 16. Defendant contends that plaintiff was visibly intoxicated, so after plaintiff refused to submit to the field sobriety test, he placed plaintiff under arrest for driving under the influence. Doc. 19, ex. 1. As defendant attempted to place plaintiff in the back of the police car,

2

plaintiff pulled back and yelled at defendant before getting in the car. Id. Upon arriving at the Port Wentworth Police Department and exiting the vehicle, plaintiff fell to the ground and began yelling that defendant was "beating [his] ass." Id. Defendant claims that he used only the minimal necessary force to arrest plaintiff. Doc. 19, ex. 3.

On May 17, 2005, prior to plaintiff's hearing in the Port Wentworth Municipal Court, plaintiff signed a covenant not to sue in exchange for a plea negotiation. Doc. 19, ex. 4. Plaintiff claims that defendant asked him to sign the waiver, doc. 1, whereas defendant contends that plaintiff requested the waiver. Doc. 19, ex. 2. Plaintiff then proceeded to plead guilty to disorderly conduct and was sentenced to twelve months of probation. Doc. 1.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under

3

the governing laws. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990)(citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine

issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.), cert. denied, 502 U.S. 925 (1991)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## III. ANALYSIS

### A. Plaintiff's Request for Entry of Default

Plaintiff claims that defendant has thirty days from service of the complaint to timely file an answer. However, a defendant who timely returns the waiver of service is not required to answer the complaint until sixty days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3). The request for waiver was sent on October 30, 2006, and defendant filed his answer on December 15, 2006.

Hence defendant's answer was timely filed and plaintiff's motion should be DENIED.[2]

### B. Defendant's Motion for Summary Judgment

Plaintiff has not responded to defendant's motion for summary judgment, nor has he provided any evidence or affidavits supporting the allegations of excessive force made in his complaint. Under Fed. R. Civ. P. 56(e),

> when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Therefore, the Court must base its determination on the evidence provided by defendant. After reviewing defendant's motion and supporting exhibits, the Court finds that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law.

Defendant contends that plaintiff signed a covenant not to sue and has provided a copy of this document. Doc. 19, ex. 4. In his complaint

---

[2]In conjunction with his motion for summary judgment, plaintiff moves for the production of various documents. This motion is DENIED.

and motion for summary judgment, plaintiff concedes that he signed a waiver of his right to sue for injuries incurred in his arrest. Docs. 1, 13. In exchange for waiving his right to sue, the police department reduced plaintiff's charge of D.U.I. to disorderly conduct and merged it with the charges of improper lane usage, driving with a suspended/revoked license, and obstruction/hindering a law enforcement officer. Doc. 19, ex. 3.

In a 5-4 decision, the Supreme Court has adopted a case-by-case approach to determining whether a waiver of plaintiff's right to sue should be enforced, balancing the interests in its enforcement against the public interests harmed. Town of Newton v. Rumery, 480 U.S. 386 (1987). Defendant must prove that plaintiff's assent was "voluntary, deliberate and informed" and that there was an "independent, legitimate reason" for requiring the agreement. Id.; Penn v. City of Montgomery, 273 F. Supp. 2d 1229, 1234 (M. D. Ala. 2003), aff'd, 381 F.3d 1059 (11th Cir. 2004). Defendant claims that not only was the agreement entered into voluntarily, but that plaintiff requested it. Doc. 19, ex. 2. Furthermore, plaintiff signed the covenant in the presence of his attorney. Doc. 19, ex. 4. There is no indication that plaintiff did not

understand the content of the agreement; nor is there any evidence of prosecutorial misconduct or overreaching. The enforcement of the release serves the public interest in avoiding the expense of defending civil claims that may or may not be meritorious. Rumery, 480 U.S. at 396; Libmen v. City of Avondale Estates, 190 Fed. Appx. 774, 777 (11th Cir. 2006). The requirements for enforcement of a covenant not to sue have been met, thereby precluding suit by plaintiff against defendant for claims arising out of plaintiff's arrest on May 14, 2005.

## IV. CONCLUSION

Accordingly, plaintiff's motion for summary judgment should be DENIED, defendant's cross-motion for summary judgment should be GRANTED, and this action should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 11th day of April, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA